Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thelma Addo, | Case No. |
| Plaintiff, | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | |
| Rosenthal, Stein & Associates, LLC, Sharise Williams and Shimeka Necole Dale, | |
| Defendants. | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff, Thelma Addo ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Pinal, and City of Queen Creek.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Rosenthal, Stein & Associates, LLC ("Rosenthal") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant, Sharise Williams ("Williams") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8. Defendant, Shimeka Necole Dale ("Dale") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

9. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

10. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d

615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

11. Rosenthal, Stein & Associates, LLC, Sharise Williams and Shimeka Necole Dale ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

14. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15. Defendants stated to Plaintiff in a written communication dated June 25,

2010 that "[o]ur office has made a decision to file a lawsuit against you to collect this debt."

16. Upon information and good faith belief, no member of Defendants' business is an attorney licensed in the State of Arizona, and said statement, when coupled with Defendants' business name and letterhead, which is designed to make Defendant Rosenthal appear to be a law firm, which it is not.

17. These circumstances would lead a least sophisticated consumer to believe that Defendants themselves had the authority to file suit against Plaintiff, which it did not, or that there was a greater level of meaningful attorney involvement in the collections process than was true at the time the statements and representations were made. (15 U.S.C. §§ 1692e(3), 1692e(10)).

18. Defendants left a voicemail for Plaintiff on Plaintiff's employee voicemail account in which Defendants stated "This is an important message for: Thelma Addo. This is Agent Hall calling from the offices of Rosenthal, Stein & Associates, LLC. A claim has been filed in my office for final proceedings today. We need a formal statement and verification of county from you today by 4 p.m. Eastern time. In order to guarantee your protection and release you from this matter, immediate action is required. Your file number is 1104136303. You can reach me directly at 877-229-6609, or you may press 0 now to speak to a live agent. Thank you."

19. Defendants did not identify itself as a debt collector in said message. Defendants, by this message, further made and implied threat to institute legal "proceedings" against Plaintiff immediately were Plaintiff to fail to return the message by

Complaint - 4

4 p.m. Eastern time the day of the message, an action Defendants could not take, or did not intend to take, further constituting a deceptive practice in connection with the collection of a debt. (15 U.S.C. §§ 1692e(10), 1692e(11)).

20. Defendants left Plaintiff multiple voicemails, and in each instance, failed to identify themselves as debt collectors. (15 U.S.C. § 1692e(11)).

21. Defendants demanded a total of $695.16 from Plaintiff as payment for a debt in the amount of $360.00, the additional $335.16 comprising additional collection fees that were unreasonable and not authorized by the agreement underlying the alleged debt, and the total amount, having been stated to Plaintiff in a single sum, constituting a misrepresentation of the amount of said alleged debt. (15 U.S.C. § 1692e(2)(A), 1692f(1)).

22. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I ALL DEFENDANTS

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendants violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 26th day of August, 2010

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff